# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | |
|---|---|
| **MAUREEN HAINES,** § | |
| § | |
| Plaintiff § | CIVIL ACTION NO. 2:20-cv-00241 |
| § | |
| vs. § | |
| § | |
| **CHRISTUS CONTINUING CARE** § | |
| **D/B/A DEDICATED SYSTEM** § | |
| **SUPPORT, INC.,** § | **A JURY IS DEMANDED** |
| § | |
| Defendant § | |

## PLAINTIFF'S AMENDED COMPLAINT

If the Defendant Christus Continuing Care d/b/a Dedicated System Support, Inc. ("Christus") granted the Plaintiff, Maureen Haines, an accommodation, she could have continued to work and contribute. Instead, Christus' refusal to engage in the interactive process forced Ms. Haines to take medical leave prior to a much-needed surgery. Within a week of that surgery, Christus fired Ms. Haines even though she had no performance problems. Christus never made an attempt to engage in the interactive process required by law. Instead, it was content to fire Ms. Haines because of her disability.

## PARTIES

1. Plaintiff Maureen Haines is an individual who resides in Corpus Christi, Nueces County, Texas.

2. Defendant Christus Continuing Care d/b/a Dedicated System Support, Inc., is a domestic non-profit corporation doing business in Nueces County that may be served by serving its

1

registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION

3. This case is brought under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. This Court has jurisdiction of this case according to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

4. Venue is invoked pursuant to 28 U.S.C. § 1391.

## STATEMENT OF THE PLAINTIFF'S CASE

5. Defendant Christus hired the Plaintiff Ms. Haines on May 14, 2018, to serve as Practice Manager over two Promptu Urgent Care clinics in Corpus Christi: 4933 South Staples Street and 5638 Saratoga Boulevard.

7. The Promptu clinics performed well under Ms. Haines' management.

8. Ms. Haines is an individual with a disability: rheumatoid arthritis. This medical condition flares up from time to time. In its active state, it impairs Ms. Haines' ability to perform several major life activities, including walking, sleeping, getting dressed and sitting. It also impairs the operation of her musculoskeletal and immune systems, which are major bodily functions.

9. In 2019, Ms. Haines' medical condition started to worsen. She had to use a cane at work to help with mobility.

10. Steven Schafer was the Christus Director over Ms. Haines' clinics. Mr. Schafer was Ms. Haines' direct supervisor.

11. Mr. Schafer knew about Ms. Haines' disability because she told him about it. They discussed it in person and via text messages.

12. All of Ms. Haines' co-workers knew that she had rheumatoid arthritis. Also, her cane made it obvious to everyone that she had a physical impairment.

13. From time to time, in 2019, Christus allowed Ms. Haines to work from home. Mr. Schafer allowed Ms. Haines to work from home on occasion and there were no problems.

14. Ms. Haines lived near both clinics and had a company laptop. If anything came up and she needed to come in on short notice she was able to do so.

15. Ms. Haines was able to perform her job successfully from home on days when it was too painful to come in.

16. In October 2019, Ms. Haines' condition was causing her a lot of pain. The bad days were more frequent. She never missed work because of it, but she knew that it would help if she could continue to work from home on the bad days.

17. Ms. Haines asked Mr. Schafer if she could get an accommodation to let her work from home on an as-needed basis. She did not ask to work from home full-time. He refused. He said, "Absolutely not."

18. Ms. Haines asked Mr. Schafer if she could have her hours reduced. He refused. He did not offer her any alternative accommodations even though he knew she had a medical condition and a physical impairment.

19. Since Mr. Schafer denied Ms. Haines' accommodation requests, she also asked Christus' HR for a work-from-home accommodation. The HR rep said no, that Christus cannot do that. The HR rep did not offer any alternative accommodations.

20. If Christus had accommodated Ms. Haines she could have continued to work. Instead, because Christus refused, she was forced to start FMLA leave on October 25, 2019.

21. Christus did not formally approve Ms. Haines' FMLA leave until January 9, 2020.

22. In December 2019, Christus boxed up all of Ms. Haines' personal belongings from her office.

23. On December 3, 2019, Ms. Haines called HR rep Michelle Davis to ask why her office was packed up. Ms. Haines asked if she was losing her job. Ms. Davis said no.

24. On December 20, 2019, Ms. Haines visited with a doctor about problems with her hip. A date was set for a hip replacement surgery on February 27, 2020.

25. If Christus had accommodated Ms. Haines starting in October 2019, she could have continued to work up to that February surgery date.

26. Ms. Haines called Christus to notify the company about her surgery date. She called and left several messages but Christus was not answering or responding. Ms. Haines finally spoke with Ms. Davis and then with a Christus Leave Management Specialist, Rhonda Holyfield. Ms. Haines told them both about the February surgery.

27. While Ms. Haines was out on FMLA, her Practice Manager duties were handled by people who worked remotely from San Antonio, Susan Riley and Stephanie Hester. These people were rarely present at the clinics.

28. On February 12, 2020, Ms. Davis called Ms. Haines and told her that her FMLA expired. Ms. Haines asked if that meant her position would be filled. Ms. Davis told Ms. Haines that everything was fine. She told Ms. Haines not to worry because she was nowhere near the point where Christus would fire her.

29. On February 27, 2020, Ms. Haines had her scheduled hip surgery.

30. On March 3, 2020, Ms. Davis called Ms. Haines and told her that Christus was cutting ties with her. She assured Ms. Haines it was not because of any performance problems.

31. Neither Ms. Davis nor any other Christus employee discussed potential accommodations with Ms. Haines. She was not offered additional medical leave as an accommodation.

## DISABILITY DISCRIMINATION

32. The Plaintiff is a qualified individual with a disability. The Plaintiff performed her job well, but lost it because of her disability. The Plaintiff's disability is an actual disability under the Americans with Disabilities Act. In addition, Christus regarded Ms. Haines as having a disability and fired her as a result.

33. Christus failed to accommodate the Plaintiff. She was able to work from home successfully – and now the clinics are managed remotely – but Christus decided not to accommodate her starting in October 2019.   It failed to engage in the interactive process by offering any alternative accommodations. If Christus had accommodated Ms. Haines back then, she would not have had to use FMLA leave and could have used it to recuperate from her hip surgery in February 2020.

## DAMAGES

32. The damages suffered by the Plaintiff include lost wages and benefits as well as compensatory damages for the injuries suffered at the hands of the defendant, including, but not limited to, mental anguish.

33. Further, the Plaintiff seeks an award of exemplary damages for her ADA claims because the defendant's actions were of the sort that render the imposition of exemplary damages appropriate.

## RELIEF REQUESTED

The Plaintiff asks this court to enter a judgment:

1. Declaring that the acts and practices complained of in this Complaint are in violation of the Americans with Disabilities Act;

2. Enjoining and permanently restraining these violations of law;

3. Directing the defendant to pay the Plaintiff actual and compensatory damages that she suffered, past and future;

4. Ordering that the Plaintiff be reinstated or, in the alternative, awarded front pay;

5. Directing the defendant to pay Plaintiff exemplary damages for its conduct in an amount as yet to be ascertained;

6. Awarding Plaintiff pre-judgment interest on the amounts owed at the maximum rate allowed by law;

8. Awarding Plaintiff the costs of this action, together with reasonable attorneys' fees and expert witness fees;

9. Awarding Plaintiff post-judgment interest on the amount of judgment until paid at the maximum rate allowed by law; and

10. Awarding Plaintiff such other relief, legal or equitable, as may be warranted.


Respectfully submitted,

**SHELLIST | LAZARZ | SLOBIN LLP**

/s/ Paul R. Harris
**Paul R. Harris**
Federal I.D. No. 897365
State Bar No. 24059905
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
(713) 621-2277 | f: (713) 621-0993
pharris@eeoc.net